# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Respondents. | Case No. 1:23-cv-01516-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Raymond Watkins is a state pretrial detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently involved in criminal proceedings in the Tuolumne County Superior Court. Petitioner has not yet been convicted of any offense, and he has not gone through any appeals. Accordingly, the Court declines to intervene in the state proceedings and recommends dismissal of the petition without prejudice based on Younger v. Harris, 401 U.S. 37 (1971).

**I.**

**BACKGROUND**

Petitioner is currently confined at the Tuolumne County jail. (ECF No. 1 at 1.)[1] On October 24, 2023, Petitioner filed the instant federal habeas petition, wherein Petitioner alleges

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  violations of 18 U.S.C. § 242 and 42 U.S.C. § 1983 for being arrested for trying to talk to the
2  hospital, due process violations for being denied three phone calls upon his arrest and being
3  denied the right to present evidence and witnesses in his defense, corruption of public officials,
4  and evidence tampering. (ECF No. 1 at 5, 7, 8.) It appears that Petitioner has attempted to pursue
5  relief in the state trial court but has not presented his claims to the state appellate court or the
6  California Supreme Court.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In Younger v. Harris, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45.

> We have articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings. "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (quoting *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023). "Abstention is only appropriate when all four requirements are met." Id.

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1  "But even where the *Younger* factors are satisfied, 'federal courts do not invoke it if there
2  is a showing of bad faith, harassment, or some other extraordinary circumstance that would make
3  abstention inappropriate.'" Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (some
4  internal quotation marks omitted) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir.
5  2018)). The Ninth Circuit has "recognized an irreparable harm exception to *Younger*," Bean, 986
6  F.3d at 1133 (citing World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079,
7  1082 (9th Cir. 1987)), and has applied this exception to claims raised by pretrial detainees in the
8  following contexts: (1) "where a pretrial detainee presents '[a] colorable claim that a state
9  prosecution [would] violate the Double Jeopardy Clause,'" Bean, 986 F.3d at 1133 (quoting
10 Dominguez v. Kernan, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)); (2) "where a petitioner raised a
11 due process challenge to his pretrial detention in the context of a state civil sexually violent
12 predator proceeding," Bean, 986 F.3d at 1133 (citing Page v. King, 932 F.3d 898, 901–02 (9th
13 Cir. 2019)); and (3) where a pretrial detainee challenged a court order authorizing forcible
14 administration of antipsychotic medications, Bean, 986 F.3d at 1134–36.

15       Here, all four Younger factors are satisfied. There is an ongoing state criminal
16 prosecution, and state criminal prosecutions implicate important state interests. There is an
17 adequate opportunity in Petitioner's state proceedings, whether at the trial level or on appeal, to
18 raise constitutional challenges. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that
19 federal courts should assume that state procedures will afford an adequate opportunity for
20 consideration of constitutional claims "in the absence of unambiguous authority to the
21 contrary"); Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state
22 prosecution provides the accused a fair and sufficient opportunity for vindication of federal
23 constitutional rights."). And the requested relief of "release[] to get mental healthcare," "$70,000
24 illegal incarceration fees," and "$150,000,000 for denial of 10 years mental health and loss of
25 wife, home, property, and sanity," (ECF No. 1 at 15), has the practical effect of enjoining the
26 ongoing state criminal prosecution. Further, Petitioner has not made any showing of
27 extraordinary circumstances that would render abstention inappropriate. Petitioner has not
28 "alleged and *proved*" that the state prosecution was undertaken "in bad faith or [is] motivated by

a desire to harass." Juidice v. Vail, 430 U.S. 327, 338 (1977) (emphasis added). Petitioner also does not fall within any of the contexts in which the Ninth Circuit has applied the irreparable harm exception. Accordingly, the Court finds that abstention is appropriate.

Moreover, the Court notes that "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy," Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), and to the extent Petitioner relies on 42 U.S.C. § 1983, (ECF No. 1 at 5), such claims should be pursued in a civil rights actions pursuant to that statute.[3] Additionally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Ward, 678 F.3d at 1045. Here, there is no indication that Petitioner has pursued his claims in the state appellate court or in the California Supreme Court. It appears from the face of the petition that Petitioner has failed to exhaust his state court remedies.

### III.
### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice based on Younger v. Harris, 401 U.S. 37 (1971).

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may

---

[3] The Court notes that Petitioner has a § 1983 complaint currently pending in this Court. Watkins v. Tuolumne Co. Sheriff, No. 1:23-cv-1430 JLT SAB (PC).

file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2023**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE