UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>        Petitioner,<br><br>    v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT, et al.,<br><br>        Respondents. | No. 1:23-cv-01516-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 8) |

        Raymond C. Watkins is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        The magistrate judge issued findings and recommendations, which concluded that the petition for writ of habeas corpus be dismissed without prejudice based on *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 8.) The Court served the findings and recommendations on Petitioner and notified him that any objections thereto were to be filed within thirty days after service. Watkins has not filed objections, and the time for doing so has passed.

        According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendations to be supported by the record and proper analysis.

1    Having found that Petitioner is not entitled to habeas relief, the Court now turns to
2 whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
3 has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
4 allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.
5 § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching
6 the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists
7 of reason would find it debatable whether the petition states a valid claim of the denial of a
8 constitutional right and that jurists of reason would find it debatable whether the district court was
9 correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain
10 procedural bar is present and the district court is correct to invoke it to dispose of the case, a
11 reasonable jurist could not conclude either that the district court erred in dismissing the petition or
12 that the petitioner should be allowed to proceed further." *Id.*
13   In the present case, the Court finds that reasonable jurists would not find the Court's
14 determination that the petition should be dismissed debatable or wrong, or that Petitioner should
15 be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.
16 Thus, the Court **ORDERS**:

   1. The findings and recommendations issued on November 17, 2023 (Doc. 8) are **ADOPTED IN FULL**.
   2. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
   3. The Clerk of Court is directed to **CLOSE THE CASE**.
   4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

   Dated:   **January 23, 2024**                                   _Jennifer L. Thurston_
                                                                  UNITED STATES DISTRICT JUDGE